IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:04CV182-01-MU

| | |
|---|---|
| DONTEZ LAMONT SIMUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| PAULA SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Extension of Time and Plaintiff's Motion to Strike and for More Definite Statement, both filed September 22, 2005.

Plaintiff requests a thirty day extension of time in which to file a response to Defendants' Motion for Summary Judgment. For good cause shown, this Court grants Plaintiff's Motion for Extension of Time.

Plaintiff also requests that this Court strike the portion of Defendants' response which refers to Plaintiff being placed on intensive control. Rule 12(f) of the Federal Rules of Civil Procedure permit a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Plaintiff's motion is denied for at least two reasons. First, a dispositive motion is not a pleading and therefore Rule 12(f) is not applicable to such a motion. Second,

the information Plaintiff seeks to have stricken is not, as he argues, irrelevant.

Plaintiff also requests, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, that the Court order Defendants to provide a more definite statement with regard to Plaintiff's due process claim. Again, Rule 12(e) applies to pleadings, not motions. Moreover, a party cannot force another party to argue their case certain way. Consequently, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Extension of Time is **GRANTED** and his response to Defendants' Motion for Summary Judgment must be filed by November 8, 2005;

2. Plaintiff's Motion for a More Definite Statement is **DENIED;** and

3. Plaintiff's Motion to Strike is **DENIED.**

**Signed: September 29, 2005**

Graham C. Mullen
Chief United States District Judge